FILED
July 14, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001955202

3 Pages

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP
Evan D. Smiley, State Bar No. 161812
esmiley@wgllp.com
Kraig C. Kilger, State Bar No. 162593
kkilger@wgllp.com
Hutchison B. Meltzer, State Bar No. 217166
hmeltzer@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone: (714) 966-1000
Facsimile: (714) 966-1002

Proposed General Insolvency Counsel for Debtor
Virginia Street Investors,
a California general partnership

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 2:09-bk-33572-CK |
| VIRGINIA STREET INVESTORS, (VSI), a California general partnership, | Chapter 11 Case |
| Debtor. | DCN:WGS-1 |
| | DATE: July 29, 2009<br>TIME: 1:30 p.m.<br>DEPT: C |

## DECLARATION OF DAVID HANSON IN SUPPORT OF MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c) THROUGH OCTOBER 31, 2009 AND REQUIRING POST-PETITION RENTS TO BE PAID TO THE DEBTOR

I, David Hanson, declare as follows:

1. I am an operating partner of Virginia Street Investors, the debtor and debtor-in-possession ("Debtor") in the above-captioned case. I am submitting this declaration in support of the Debtor's Motion for Order Authorizing the Use of Cash Collateral Through

314523.1                                               HANSON DECLARATION*

October 31, 2009 and Requiring Post-Petition Rents to be Paid to the Debtor ((the "Motion"). All terms defined in the Motion are incorporated herein by this reference. I know the following facts to be true of my own personal knowledge and, if called as a witness, could and would competently testify with respect thereto.

2. I am familiar with and have been involved in the Property and its development and operations.

3. Virginia Street Investors (the "Debtor" or "Virginia Street"), a California general partnership, was formed on December 1, 2003, for the purpose of developing and selling a ten-unit condominium project located at 802-822 S. 2nd Street, San Jose, CA, 95112 (the "Property"). The Property was successfully completed and ready for occupancy in or about January, 2009. The Property is comprised of 10 units, designed in the highly desirable mixed-use, urban-luxury style, including live-work units, condominiums, and townhomes.

4. Due to the current state of the real estate market, the Debtor elected to lease the individual units until the sales market improves. The Debtor was successful in this regard and the Property currently generates a gross monthly rental income in excess of $26,000.00. The Property is managed by an independent property manager, Sequoia Group ("Sequoia").

5. In order to develop the Property, on July 24, 2006, the Debtor obtained a construction loan from Bridge Bank, N.A. ("Bridge Bank") with an original principal amount of $4,921,000.00 (the "Loan") secured by the Property and an assignment of rents from the Property. Pursuant to certain extensions executed between the Debtor and Bridge, a balloon payment was due on January 24, 2009. As discussed above, due to the state of the real estate market, the Debtor did not sell the units and is leasing them. Accordingly, the Debtor did not have sufficient funds to timely make the balloon payment.

6. The Debtor was not able to negotiate an additional extension agreement with Bridge Bank. On March 18, 2009, Bridge Bank filed a complaint in Santa Clara County Superior Court, Case No. 109CV137566, for judicial foreclosure and appointment

of a receiver against the Property. The Debtor filed a demurrer and motion to strike, which were still pending as of the Petition Date. On June 11, 2009, in an apparent exercise of its rights under the Assignment of Rents clause, Bridge Bank executed and served upon the Property's tenants a demand for future rents to be paid directly to Bridge Bank pursuant to California Civil Code Section 2938 ("Demand").

7. In order to maximize value for all of the Debtor's creditors and parties in interest, on June 30, 2009, the Debtor filed a voluntary petition for relief under chapter 11.

8. I believe that the Budget provides only for the use of cash collateral to pay the necessary and reasonable expenses to preserve and maintain the value of the Property and to ensure that further rental income is generated. I believe that if these expenses are paid, the value of Bridge's interest in cash collateral will not decline during the cash collateral use period.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of July, 2009, at Folsom, California.

David Hanson